Matter of Klieger (2024 NY Slip Op 00423)

Matter of Klieger

2024 NY Slip Op 00423

Decided on January 31, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2023-07405

[*1]In the Matter of Matthew J. Klieger, admitted as Matthew Jordan Klieger, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Matthew J. Klieger, respondent. (Attorney Registration No. 4462602)

MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 28, 2007, under the name Matthew Jordan Klieger.

Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On December 6, 2022, the respondent pleaded guilty before the Honorable Lisa Grey, Justice of the Supreme Court, Richmond County, to the crime of criminal possession of a forged instrument in the second degree, a class D felony, in violation of Penal Law § 170.25.
The Grievance Committee for the Tenth Judicial District moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his felony conviction.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment as of December 6, 2022.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to strike the name of the respondent, Matthew J. Klieger, admitted as Matthew Jordan Klieger, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Matthew J. Klieger, admitted as Matthew Jordan Klieger, is disbarred, effective December 6, 2022, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); [*2]and it is further,
ORDERED that the respondent, Matthew J. Klieger, admitted as Matthew Jordan Klieger, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Matthew J. Klieger, admitted as Matthew Jordan Klieger, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Matthew J. Klieger, admitted as Matthew Jordan Klieger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court